Case 1:07-cv-07277 Document 1 Filed 12/28/2007 Page 1 of 15

RCC

**FILED**
**DECEMBER 28, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7277**

| | | |
|---|---|---|
| FKM USA, LLC | ) | |
| an Indiana limited liability corporation, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE COAR** |
| v. | ) | JUDGE: **MAGISTRATE JUDGE BROWN** |
| | ) | |
| THOMAS INDUSTRIAL ROLLS, INC. | ) | MAGISTRATE: |
| a Michigan corporation, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT

The Plaintiff, FKM USA, LLC, an Indiana limited liability company, by and through its undersigned counsel, Daniel R. Madock of Klein, Dub & Holleb and Alan B. Samlan and David J. Hurley of Knechtel, Demeur & Samlan, for its Complaint against Defendant, THOMAS INDUSTRIAL ROLLS, INC., a Michigan corporation, alleges as follows:

## PARTIES

1. Plaintiff, FKM USA, LLC ("FKM" or "Plaintiff"), is a limited liability corporation duly organized and existing under and by virtue of the laws of the State of Indiana and qualified to do business in the State of Illinois, having its principal place of business located at 400 South LaGrange Road, Frankfort, Illinois 60423.

2. Defendant, THOMAS INDUSTRIAL ROLLS, INC. ("THOMAS" or "Defendant"), is, upon information and belief, a corporation organized under the laws of the State of Michigan with its principal place of business located at 8526 Brandt, Dearborn, Michigan, 48126.

## NATURE OF THE ACTION

3. This civil action is for false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) (Count I), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (Count II), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 (Count III), and the Illinois common law of unfair competition (Count IV).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and personal jurisdiction over the parties under 28 U.S.C. §1331, 28 U.S.C. §1338(b), and 15 U.S.C. §1121. This Court also has pendent jurisdiction over the subject matter of the parties under 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

5. Personal jurisdiction also exists over Defendant as Defendant has engaged in the transaction of business and committed acts complained of herein in interstate commerce and in the Northern District of Illinois.

6. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §1391(b). Venue is also proper in this District and in this Court because the Defendant is deemed to reside in Illinois pursuant to 28 U.S.C. §1391(c).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant, upon information and belief, from as early as 1987 has been a manufacturer and seller of process rollers and/or a value added reseller of process rollers manufactured by 3M Corporation ("3M") throughout the United States ("Defendant's Rolls"). Defendant's Rolls, upon information and belief, are currently made from or coated with non-

woven nylon discs that are stated to be bonded together around the rollers. In particular, the non-woven nylon discs used by Defendant are made in a distinctive yellow color. A true and accurate copy of Defendant's Rolls depicting this distinctive yellow coloring is attached hereto as Exhibit A.

8. Upon information and belief, Defendant's Rolls have applications for customers in at least the automotive industry and the steel and aluminum industry ("Customers").

9. Upon information and belief, Defendant has and does enjoy a certain distinctiveness and commercial presence throughout the United States resulting from its rolls having a distinctive yellow color.

10. Defendant, upon information and belief, has been and enjoyed relatively no or very minimal competition from competitors throughout the United States.

11. On or about August 2000, Plaintiff was organized by its German parent company, likewise in the business of manufacturing and selling process rollers, to began selling said rolls throughout the United States ("Plaintiff's Rolls") and to Customers in the same automotive industry and the steel and aluminum industry in direct competition with the Defendant.

12. Plaintiff's Rolls, in particular, are coated with a Viledon® roller cover product. The Viledon® roller cover product consists of mechanical needle-punched non-woven fabrics which are chemically bonded using certain binding systems to the Plaintiff's Rolls. The Viledon® roller cover product is also made in the distinctive colors of brown, pinkish red, orange, and grey. A true and accurate copy of Plaintiff's Rolls depicting the distinctive brown, pinkish red, and orange colors are attached hereto as Exhibit B.

13. Plaintiff's use of the Viledon® roller cover products and colors of brown, pinkish red, and orange is exclusive to Plaintiff for which Plaintiff has become exceptionally well known to consumers throughout the United States and has acquired a strong commercial presence of great value belonging to Plaintiff.

14. Defendant, upon information and belief, feels threatened by the competitive threat posed by Plaintiff being a competitor and further that Plaintiff could or is affecting the sales of Defendant's Rolls in the United States.

15. In an unlawful anti-competitive manner against Plaintiff, Defendant is making material false and misleading claims regarding Plaintiff's Rolls to influence the purchasing decisions and mislead Customers regarding Plaintiff's Rolls.

16. Specifically, in its website, www.tirinc.com, Defendant states:

> "Competitor Rolls
>
> Since 3M rolls have a bonded construction, they have a much greater life and as compared to non-bonded construction rolls. Because of this bonded construction, the roll can easily repair itself from minor damage and offer more flexibility. Unlike the bonded roll, an unbonded roll can easily fall apart and fail in even the easiest of applications.
>
> See below pictures of our competitors rolls which use the unbonded roll construction."

A true and accurate copy of this statement is attached hereto as Exhibit C.

17. In furtherance of this statement, the Defendant depicts various pictures of competitors rolls which Defendant states and claims uses unbonded roll construction. A true and accurate copy of these pictures are attached hereto as Exhibit D.

18. Each competitor roll depicted in the pictures that Defendant states and claims as using unbonded roll construction is a distinctive brown or pinkish red roll.

19. Each competitor roll depicted by Defendant in the pictures as having the distinctive brown or pinkish red roll is, upon information and belief, identified by the Customers as being the product of and manufactured by Plaintiff.

20. Each competitor roll in the pictures is depicted in a lacerated or shredded condition caused by, upon information and belief, a dramatic event during its use and not as a result of normal use, wear and tear. Defendant, upon information and belief, is advertising these pictures of rolls in interstate commerce to disparage Plaintiff and degrade the quality, nature, and characteristics of Plaintiff's Rolls.

21. Defendant's claims are false and misleading, both literally and by implication.

## COUNT I
## VIOLATION OF LANHAM ACT

22. Plaintiff repeats and realleges its allegations in paragraphs 1 through 21 above as and for its allegations of paragraph 22 of this Count I.

23. Defendant's false and misleading advertising claims as described above constitute false and misleading descriptions of fact and false and misleading representations of fact in interstate commercial advertising and promotion which materially misrepresent the nature, characteristics, qualities, and performance capabilities of Plaintiff's Rolls in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

24. Defendant's false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an

exceptional case.

25.　　Defendant's false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to Plaintiff's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages.

26.　　Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

WHEREFORE, Plaintiff, FKM USA, LLC, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, THOMAS INDUSTRIAL ROLLS, INC., on Count I, and issue an order:

1.　　Declaring that Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.　　Preliminarily and permanently enjoining Defendant, its subsidiaries, parents, divisions, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

　　　　a.　　Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

      b.      Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

      c.      Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

3.      Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising.

4.      Ordering Defendant to pay Plaintiff its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading descriptions and misrepresentations of fact and suffered by Plaintiff in an amount to be ascertained at trial.

5.      Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition.

6.      Granting Plaintiff its reasonable attorney's fees and costs.

7.      Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT II
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

27.      Plaintiff repeats and realleges its allegations in paragraphs 1 through 21 above as and for its allegations of paragraph 27 of this Count II.

28.     Defendant's false and misleading advertising claims as described above constitute unfair methods of competition and unfair and deceptive acts and practices including, but not limited to, the use and employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression and omission of material facts, with intent that others rely upon the concealment suppression and omission of such material facts in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

29.     Defendant's false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

30.     Defendant's false and misleading advertising claims have caused, and will continue to cause, great immediate, and irreparable harm to Plaintiff's business reputation, injury to its good will, loss of competitive advantage, and pecuniary damages.

31.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff, FKM USA, LLC, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, THOMAS INDUSTRIAL ROLLS, INC., on Count II, and issue an order:

1.     Declaring that Defendant has the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

2. Preliminarily and permanently enjoining Defendant, its subsidiaries, parents, divisions, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

    a. Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

    b. Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

    c. Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

3. Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising.

4. Ordering Defendant to pay Plaintiff its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading descriptions and misrepresentations of fact and suffered by Plaintiff in an amount to be ascertained at trial.

5. Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition.

6.      Granting Plaintiff its reasonable attorney's fees and costs.

7.      Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT III
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

32.      Plaintiff repeats and realleges its allegations in paragraphs 1 through 21 above as and for its allegations of paragraph 32 of this Count III.

33.      Defendant's false and misleading advertising claims as described above represent deceptive trade practices in that Defendant falsely represents that Plaintiff's Rolls possess certain characteristics that they do not have; falsely misrepresents the standard, quality or grade of Plaintiff's Rolls; disparages the goods of Plaintiff by false and misleading representations of fact; and otherwise engages in conduct which creates a likelihood of confusion or misunderstanding in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

34.      Defendant's false and misleading descriptions of fact and false and misleading representations of fact are willful and intentional, with deceptive intent, making this an exceptional case.

35.      Defendant's false and misleading advertising claims have caused, and will continue to cause, great, immediate, and irreparable harm to Plaintiff's business reputation, injury to its good will, loss of competitive advantage, and pecuniary damages.

36.      Defendant's above described conduct constitutes unfair competition under the common law and the statutory laws of the State of Illinois pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510, et. seq.

37. Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to 815 ILCS §510/3.

WHEREFORE, Plaintiff, FKM USA, LLC, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, THOMAS INDUSTRIAL ROLLS, INC., on Count III, and issue an order:

1. Declaring that Defendant has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

2. Preliminarily and permanently enjoining Defendant, its subsidiaries, parents, divisions, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

    a. Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as described herein;

    b. Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

    c. Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of

imitation, misrepresentation, false statements, advertising, fraud and/or deception.

3. Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising.

4. Ordering Defendant to pay Plaintiff its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading descriptions and misrepresentations of fact and suffered by Plaintiff in an amount to be ascertained at trial.

5. Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition.

6. Granting Plaintiff its reasonable attorney's fees and costs.

7. Granting all other injunctive and monetary relief as this Court deems just and proper.

## COUNT IV
## ILLINOIS COMMON LAW OF UNFAIR COMPETITION

38. Plaintiff repeats and realleges its allegations in paragraphs 1 through 21 above as and for its allegations of paragraph 38 of this Count IV.

39. Defendant's false and misleading advertising claims as described above constitute false and misleading descriptions of fact and false and misleading representations of fact in commercial advertising and promotion which misrepresent the nature, qualities, and performance capabilities of Plaintiff's Rolls in violation of the common law of the State of Illinois.

40. Defendant's unfair competition is willful and intentional and with deceptive intent.

41.     Defendant's conduct is in willful and wanton disregard of Plaintiff's valuable rights and property and of the law and practices of advertising. By such conduct, Defendant knowingly seeks to misappropriate to itself Plaintiff's valued customers and to injure and tarnish Plaintiff's valuable good will and reputation.

42.     Plaintiff has no plain, speedy or adequate remedy at law for which it can be fully compensated in damages unless the Court enjoins Defendant from further use of the above described false and misleading advertising claims pursuant to the common law of the State of Illinois.

WHEREFORE, Plaintiff, FKM USA, LLC, prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, THOMAS INDUSTRIAL ROLLS, INC., on Count IV, and issue an order:

1.     Declaring that Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; and the Illinois common law of unfair competition.

2.     Preliminarily and permanently enjoining Defendant, its subsidiaries, parents, divisions, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with Defendant, either directly or indirectly, from violating Plaintiff's rights by way of:

a.     Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to using, airing, disseminating or causing to be used, aired, or disseminated the false and misleading advertising claims as

described herein;

    b.  Practicing unfair competition, unfair trade practices, false advertising or misappropriation against Plaintiff including but not limited to stating, explicitly or implicitly, or suggesting by verbal message, visual image or otherwise, the false and misleading advertising claims as described herein; and

    c.  Practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception.

  3.  Ordering Defendant to publish corrective advertising to dispel the false and deceptive impressions created by its advertising.

  4.  Ordering Defendant to pay Plaintiff its damages, lost profits, Defendant's profits, and/or other compensatory damages caused by Defendant's false and misleading descriptions and misrepresentations of fact and suffered by Plaintiff in an amount to be ascertained at trial.

  5.  Granting exemplary and punitive damages for Defendant's intentional false and misleading advertising and unfair competition.

  6.  Granting Plaintiff its reasonable attorney's fees and costs.

7. Granting all other injunctive and monetary relief as this Court deems just and proper.

                                      Respectfully submitted,

Dated: December 28, 2007         By: /s/ Daniel R. Madock
                                      Daniel R. Madock
                                      KLEIN, DUB & HOLLEB
                                      525 West Monroe, Suite 2360
                                      Chicago, IL 60661
                                      Phone:  (312) 628-8852
                                      Fax   :  (312) 655-1917

                                      Alan B. Samlan
                                      David J. Hurley
                                      KNECHTEL, DEMEUR & SAMLAN
                                      525 West Monroe, Suite 2360
                                      Chicago, IL 60661
                                      Phone:  (312) 655-9900
                                      Fax   :  (312) 655-1917

                                      ATTORNEYS FOR PLAINTIFF, FKM USA, LLC.